# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE

**NICOLE HOLT-EATON,**

        Plaintiff,

v.

**METROPOLITAN NASHVILLE AIRPORT AUTHORITY; METROPOLITAN GOVERNMENT OF NASHVILLE AND DAVIDSON COUNTY; ELIJAH IRIZARRY; and JOHN DOE (Sgt. Sircy),**

        Defendants.

Case No. _____

**JURY DEMAND**

## COMPLAINT

**COMES NOW** the Plaintiff, Nicole Holt-Eaton, and for her cause of action against the Defendants, alleges and states as follows:

### JURISDICTION AND VENUE

1. Plaintiff brings this action under 42 U.S.C. § 1983.

2. This Court has jurisdiction pursuant to 28 U.S.C. § 1331, which gives district courts original jurisdiction over civil actions arising under the Constitution, laws, or treaties of the United States.

3. Venue is proper under 28 U.S.C. § 1391(b) because the events that gave rise to this action occurred in this judicial district.

### PARTIES

4. The Plaintiff, Nicole Holt-Eaton, is a resident of Oklahoma and was present in Nashville, Tennessee, at the time of this incident for the purpose of obtaining medical treatment.

5. The Defendant, Metropolitan Nashville Airport Authority ("Airport"), is an independent public corporation and instrumentality of the Metropolitan Government of Nashville and Davidson County which owns and operates the Nashville International Airport.

6. The Defendant, Metropolitan Government of Nashville and Davidson County ("Metro Government"), is a municipal corporation and operates the Downtown Detention Center ("Jail") through the Davidson County Sheriff's Office.

7. The Defendant, Elijah Irizarry, is an officer with the Department of Public Safety of the Metropolitan Nashville Airport Authority ("Airport Police").

8. The Defendant, John Doe (a.k.a. Sgt. Sircy, Badge No. NAAU4844), whose true first name is presently unknown to the Plaintiff, is a sergeant with the Department of Public Safety of the Metropolitan Nashville Airport Authority and the supervising officer of Elijah Irizarry. Plaintiff will amend this Complaint to state his true name when it is ascertained.

## STATEMENT OF FACTS

9. The Plaintiff underwent a medical procedure in Nashville for which she received a pain reliever. While waiting for her flight back to Oklahoma, which was canceled, she had one or two drinks at the airport. This reacted with the medication to make her appear intoxicated.

10. At 3:37 A.M., she was arrested by Defendant Elijah Irizarry, on a charge of public intoxication for her own protection. It was not until 7:44 A.M., more than four hours later, that the Plaintiff was booked into the Downtown Detention Center. The charges were dismissed and she was released at 12:12 P.M.

11. At 9:08 P.M., the Plaintiff presented herself at the Vanderbilt University Medical Center Emergency Department. She was concerned she had been sexually assaulted and had already filed a police report with the Airport Police.

12. A rape kit was collected at the Vanderbilt Emergency Department. The rape kit was confiscated by the Airport Police and retained for approximately five months until forced to release it by the Tennessee Bureau of Investigation.

13. It is believed that the rape was committed by Defendant Irizarry, or while the Plaintiff was under his supervision and protection. If the rape did not occur at that time, it may have occurred at the Detention Center to which she was taken.

14. The Airport Police intercepted and retained the Plaintiff's sexual assault evidence kit, and concealed the fact and circumstances of that interception, such that the Plaintiff could not reasonably have discovered the identity of those who handled and withheld the kit, or the conduct giving rise to her claims against them, until the kit was released at the direction of an outside investigator. The Plaintiff exercised reasonable diligence under the circumstances. Any applicable limitations period was tolled until the date of that discovery.

## FIRST CLAIM FOR RELIEF

### 42 U.S.C. § 1983 – Sexual violence in violation of Fourth Amendment

15. Plaintiff incorporates preceding paragraphs as if fully set forth herein.

16. At the time of this incident, Plaintiff had a clearly established constitutional right to bodily integrity and personal safety. Sexual violence by a state official is considered a deprivation of liberty without due process.

17. Any reasonable law enforcement officer knew or should have known of these rights as they were clearly established at the time.

18. Defendant Irizarry's actions were objectively unreasonable in light of the facts and circumstances confronting him and violated the Constitutional rights of the Plaintiff.

19. Defendant Irizarry's actions were malicious and/or involved reckless, callous, and deliberate indifference to the Plaintiff's federally protected rights. Plaintiff is entitled to punitive damages from this Defendant.

## SECOND CLAIM FOR RELIEF

### 42 U.S.C. § 1983 – Failure to properly hire, train and supervise on sexual violence

20. Plaintiff incorporates preceding paragraphs as if fully set forth herein.

21. Defendant Airport showed deliberate indifference to the rights of Plaintiff in failing to train Defendant Irizarry on the right of prisoners to bodily integrity and the proper procedures for dealing with intoxicated female persons in protective custody, which directly contributed to the violation of Plaintiff's constitutional rights.

22. Defendant Sircy showed deliberate indifference to the rights of Plaintiff in failing to supervise Defendant Irizarry on the proper handling of female persons taken into protective custody on a charge of public intoxication, which directly contributed to the violation of Plaintiff's constitutional rights.

23. In the event that the Plaintiff was sexually assaulted after being taken to the Jail, then Metro Government showed deliberate indifference to the rights of Plaintiff in failing to train its detention officers on the right of prisoners to bodily integrity and the proper procedures for dealing with intoxicated female persons in protective custody, which directly contributed to the violation of Plaintiff's constitutional rights.

## REQUEST FOR RELIEF

**WHEREFORE,** Plaintiff requests the following relief from the Court:

1. Actual and compensatory damages against all Defendants for the sexual assault on Nicole Holt-Eaton;

2. Punitive damages against all Defendants sufficient to punish them and to deter further wrongdoing;

3. Attorneys' fees, litigation expenses, costs, pre- and post-judgment interest, as provided by law; and

4. Such other and further relief as the Court deems just and proper.

Respectfully submitted,

s/ Tim O. Henshaw
Tim O. Henshaw (BPR # 036043)
ALEXANDER SHUNNARAH TRIAL ATTORNEYS

1604 Reggie White Blvd., Suite 102
Chattanooga, TN 37402
(423) 417-9205
thenshaw@asilpc.com

Local Counsel for Plaintiff